# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WESLEY L. ADKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-3215-JAR-KGG |
| | ) |
| MARSHALL MANNING, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER APPOINTING COUNSEL

Plaintiff, who has represented himself *pro se*, brings the present civil rights action pursuant to 42 U.S.C. §1983.  (Doc. 1, at 1.)  He filed his Complaint (Doc. 1) on September 5, 2015, alleging a violation of his right to be "free from cruel and unusual punishment, under the Eighth Amendment" during his incarceration at the Hutchinson Correctional Facility.[1]  (*Id*., at 3; Doc. 2, at 4.)  Plaintiff alleges that he was subject to excessive force at the hands of Defendant Marshall Manning and that the other then-named Defendants were deliberately indifferent "to [his] serious protective custody needs."  (Doc. 2, at 1.)

---

[1]  Plaintiff has since been transferred to the El Dorado Correctional Facility.  (Doc. 22.)

In conjunction with his Complaint, Plaintiff also filed a Motion to Proceed *In Forma Pauperis* and a Motion to Appoint Counsel. (Docs. 4, 6.) The *IFP* motion was granted (Doc. 8, text entry), but the request for an attorney was denied (Doc. 9). In the latter Order, the District Court held that Plaintiff's claims for an unconstitutional use of force against Defendant Manning, as plead, "are sufficient to merit a response," but that his claim that he was refused protective custody under the Eighth Amendment by the other Defendants did not state a claim for relief. (*Id.*, at 5-6.) As such, the claim for deliberate indifference was dismissed, leaving only Plaintiff's claim for the use of excessive force against Defendant Manning. (*Id.*, at 6.) The Court indicated it "declines to appoint counsel at this point in the case" because "Plaintiff is able to clearly identify both the relevant facts and the legal authorities supporting" the excessive force claim "and the factual and legal issues do not appear to be unusually complex." (*Id.*, at 7.)

Interested Party Kansas Department of Corrections filed its Martinez Report in response to Plaintiff's Complaint on December 13, 2016. (Doc. 16.) The report included the conclusion that "[e]ven assuming that some facts are beyond what the officer was entitled to do, the use of force and injury do not rise to the level of a constitutional violation." (Doc. 16, at 9.)

Summons was issued as to Defendant Manning on July 17, 2017, and returned executed on August 10, 2017. (Doc. 24-25.) The time for Defendant to

respond and/or answer Plaintiff's Complaint passed and Plaintiff subsequently filed a Motion for Default Judgment. (Doc. 26.) The Clerk entered Default as to Defendant Manning on November 17, 2017. (Doc. 28.) On November 20, 2017, the District Court took Plaintiff's Motion for Default Judgment under advisement. (Doc. 29, text entry.) The District Court set a deadline of December 15, 2017, for Defendant to respond to Plaintiff's motion and indicated it "[t]hereafter . . . shall set a date for a hearing to determine damages in accordance with Fed. R. Civ. P. 55(b)(2)(B)." (*Id.*) This Order was sent to both parties via certified mail (*see* Docs. 30-31), but as of December 28, 2017, delivery of the certified mailing to Defendant had not been successful. (Doc. 32.) As such, the District Court is in the process of setting a hearing on Plaintiff's Motion for Default Judgment to hear Plaintiff's evidence regarding damages.

As stated above, the District Court previously denied Plaintiff's request for counsel at a particular "point in the case . . . ." (Doc. 9, at 7.) The District Court now determines that, at *this* point in the case, the interests of justice require that Plaintiff be represented by counsel during the default judgment process and through the conclusion of the case. The Court thus appoints Gregory P. Goheen to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *See* **Commodity Futures Trading Comm'n v. Brockbank**, 316 F. App'x 707, 712 (10th Cir. 2008). The

appointment is effective March 29, 2018.  The District Court shall set the hearing on Plaintiff's Motion for Default Judgment by separate Order.

IT IS THEREFORE ORDERED BY THE COURT that Gregory P. Goheen is hereby appointed to represent Petitioner pursuant to 28 U.S.C. § 1915(e)(1).  The appointment is effective March 29, 2018.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 29th day of March, 2018.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge