# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WESLEY L. ADKINS,

    **Plaintiff,**

v.

MARSHALL MANNING,

    **Defendant.**

Case No. 15-CV-3215-JAR-KGG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Default Judgment (Doc. 26). The Court previously took Plaintiff's motion under advisement and noted that it would set a hearing to determine damages.[1] The Court conditionally granted Plaintiff's request that he be permitted to submit affidavits regarding damages in lieu of presenting evidence at a hearing, reserving the right to set the matter for an evidentiary hearing in the event the affidavits are insufficient to determine the issues raised in Plaintiff's motion.[2] Plaintiff has now submitted an affidavit,[3] and the Court is prepared to rule. For the reasons explained in detail below, the Court grants Plaintiff's motion in part on the issue of liability, but finds it does not have sufficient evidence before it to issue a default judgment against Defendant for the compensatory damages requested.

**I.    Background**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff was an inmate in the custody of the Kansas Department of Corrections ("KDOC") at all times relevant to this

---

[1] Doc. 29.
[2] Doc. 34.
[3] Doc. 35.

lawsuit.[4] Plaintiff claims that Defendant Marshall Manning, who was a Correctional Officer at the Hutchinson Correctional Facility where Plaintiff was housed, used excessive force against him in violation of his Eighth Amendment rights.[5] Interested Party KDOC filed its *Martinez* Report in response to Plaintiff's Complaint on December 13, 2016.[6] The Report included the conclusion that "[e]ven assuming that some facts are beyond what the officer was entitled to do, the use of force and injury do not rise to the level of a constitutional violation."[7]

Defendant failed to answer or otherwise defend against Plaintiff's action under the Federal Rules of Civil Procedure. Accordingly, on November 17, 2017, the Clerk executed an entry of default against Defendant pursuant to Fed. R. Civ. P. 55(a).[8] The Court subsequently appointed counsel to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).[9] Plaintiff was conditionally permitted to submit affidavits in lieu of presenting evidence at a damages hearing, subject to the Court's review and determination of sufficiency of the affidavits.[10] Plaintiff filed a Supplemental Memorandum in support of default judgment, along with an affidavit describing the incident with Defendant and his injuries resulting therefrom.[11]

## II. Discussion

Following entry of default, Fed. R. Civ. P. 55(b)(2) allows the court to enter default

---

[4] Plaintiff has since been transferred to the El Dorado Correctional Facility. Doc. 22.

[5] Plaintiff's claim against Defendants Merritt, Nickels, VanHoose, and Cline challenging the denial of his request for protective housing was dismissed for failure to state a claim. Doc. 9.

[6] Doc. 16.

[7] *Id.* at 9.

[8] Doc. 28.

[9] Doc. 33.

[10] Doc. 34.

[11] Doc. 35.

2

judgment. Once default is entered, the defendant is not entitled to defend itself on the merits.[12] Rather, the court must determine whether the plaintiff's allegations—taken as true—state a claim against the defendant.[13] If the court finds that there is a sufficient basis in the pleadings for default judgment, that judgment only establishes liability; it does not establish the amount of damages.[14] Accordingly, the Court accepts as true the allegations of Plaintiff's Complaint regarding Defendant's use of excessive force in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution. Plaintiff is granted default judgment on these liability issues.

The factual allegations in the complaint relating to the amount of damages, however, are not taken as true.[15] Rather, "[d]amages may be awarded only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."[16] However, where the damages claimed are capable of mathematical calculation, Rule 55(b)(2) "does not require that the district court receive evidence on the claimed damages amount before entering default judgment; rather, the Rule simply allows the

---

[12] *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 & n.11 (10th Cir. 2003) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002)).

[13] *See, e.g., Kalinich v. Grindlay*, No. 14-1120-SAC, 2014 WL 3740439, at *1 (D. Kan. July 30, 2014) ("Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a part in default does not admit conclusions of law.") (quoting *Olivas v. Bentwood Place Apartments, LLC*, No. 09-4035-JAR, 2010 WL 2952393, at *4 (D. Kan. July 26, 2010)); *Trang v. Bean*, 600 F. App'x 191, 193–94 (5th Cir. 2015).

[14] *See, e.g. Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012); *DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009).

[15] *See, e.g., Kalinich,* 2014 WL 3740439, at *1 (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Beck v. Atl. Contracting Co.*, 157 F.R.D. 61, 64 (D. Kan. 1994), *superseded by statute on other grounds as recognized by Cessna Fin. Corp. v. VYWB, LLC*, 982 F. Supp. 2d 1226, 1233 (D. Kan. 2013).

[16] *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1275 (D. Kan. 2016) (quoting *DeMarsh*, 2009 WL 3720180, at *2).

district court to conduct a hearing if it believes that additional investigation or evidence is necessary."[17]

This is not a case where damages are liquidated or capable of mathematical calculation. Instead, Plaintiff seeks $250,000 in compensatory damages for pain and suffering resulting from Defendant's use of excessive force. "'[T]he basic purpose' of § 1983 damages is 'to compensate persons for injuries that are caused by the deprivation of constitutional rights.'"[18] The amount of damages for a § 1983 constitutional violation "is typically determined according to principles derived from the common law of torts."[19] "To that end, compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as 'impairment of reputation . . . , personal humiliation, and mental anguish and suffering.'"[20] A § 1983 plaintiff must show proof of actual injury to recover damages, and the damages awarded "must be proportional to the actual injury incurred."[21]

Although Plaintiff is correct that courts have granted compensatory damages on default judgment, he does not cite to, nor did the Court find, cases that were decided solely by affidavits in lieu of an evidentiary hearing.[22] Because Plaintiff's damages include mental and emotional

---

[17] *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) (citing Fed. R. Civ. P. 55(b)(2); *Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009)).

[18] *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (quoting *Carey v. Piphus*, 435 U.S. 247, 254 (1978)).

[19] *Id.* (citations omitted).

[20] *Id.* (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974)); *see also Jolivet v. Deland*, 966 F.2d 573, 576 (10th Cir. 1992) (explaining compensatory damages may include damages for mental and emotional distress).

[21] *Jolivet*, 966 F.2d at 576 (quoting *Piver v. Pender Cty. Bd. of Educ.*, 835 F.2d 1076, 1082 (4th Cir. 1987)).

[22] *See, e.g., Keith v. Koerner*, No. 11-cv-2281-DDC-JPO, 2016 WL 4541447, at *1, 6–7 (D. Kan. Aug. 30, 2016) (after evidentiary hearing, granting default judgment and awarding § 1983 compensatory and punitive damages to inmate who was sexually assaulted by a guard); *Jones v. Courtney*, No. 04-3255-JWL, 2007 WL 2893587, at *1, 8–9 (D. Kan. Sept. 28, 2007) (after evidentiary hearing, granting default judgment and awarding inmate § 1983 compensatory and punitive damages on excessive force claim against guard).

distress in addition to his physical injuries, the Court finds that his affidavit is simply insufficient to establish the proof necessary for an award of compensatory damages under § 1983. Accordingly, the Court concludes that an evidentiary hearing should be held to enable the Court to determine the amount of Plaintiff's compensatory damages that should be awarded in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Default Judgment (Doc. 26) is **granted in part**. Plaintiff is granted default judgment against Defendant on the liability issue of his § 1983 excessive force claim; an evidentiary hearing will be conducted at a date to be determined on the amount of compensatory damages Plaintiff is entitled to as a result of his claim.

**IT IS SO ORDERED.**

Dated: September 19, 2018

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> CHIEF UNITED STATES DISTRICT JUDGE